IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM E. HOLZ, | : | |
| Plaintiff, | : | |
| | : | 1:14-cv-2355 |
| v. | : | |
| | : | Hon. John E. Jones III |
| BUGAJ/FISCHER | : | |
| CORPORATION, *et al.*, | : | |
| Defendants. | : | |

# **MEMORANDUM**

### **March 17, 2015**

Plaintiff, Tim E. Holz, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the instant *pro se* civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff has filed a motion for leave to proceed *in forma pauperis* and a prisoner authorization. (Docs. 2, 3).

The named Defendants are Bugaj/Fischer Corporation and Ronnie J. Fischer, an attorney with the Bugaj/Fischer law firm and solicitor for the Wayne County Prothonotary. (Doc. 1, p. 4). Plaintiff alleges that Attorney Ronnie Fischer was involved in a conspiracy to commit his murder by "cover[ing] up [Plaintiff's] 47 complaints against the Federal Bureau of Investigation that were filed for conspiracy to murder, [and] attempted murder". (Doc. 1, pp. 5-7). Plaintiff submitted a letter from Attorney Fischer wherein she explains that although

Plaintiff requested to have the Wayne County Prothonotary reinstate his seventy-four (74) lawsuits, the "Complaints were never filed because no filing fee accompanied them, and while [Plaintiff] submitted documentation requesting that the Court grant [him] leave to proceed *in forma pauperis*, the Court did not grant [his] requests." (Doc. 1, p. 12).

For relief, Plaintiff seeks $30 billion in compensatory damages and $30 billion in punitive damages. (Doc. 1, p. 8).

Upon consideration of the above-captioned action, the Court finds that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits Plaintiff from proceeding *in forma pauperis* as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Ibrahim v. District of Columbia*, 208 F.3d 1032 (D.C.Cir. 2000). *See also Holz v. U.S.A. Corp., et al.*, No. 1:14-cv-2057 (M.D. Pa. 2014) at (Doc. 17).

It is evident that Plaintiff's allegations do not indicate that he "is under imminent serious physical injury." *See* 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed *in forma pauperis* "unless the prisoner is under imminent danger of

serious physical injury"). Further, there are no allegations that a threat of danger is real and proximate. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"). Therefore, Plaintiff's claim fails to meet the imminent danger exception to section 1915(g).

      A separate Order follows.